UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

DEBRA EATON o/b/o ESTATE )
OF DENNIS DETORE, )
 )
      Plaintiff[1] )
 )
v. ) No. 2:10-cv-464-GZS
 )
MICHAEL J. ASTRUE, )
Commissioner of Social Security, )
 )
      Defendant )

## REPORT AND RECOMMENDED DECISION[2]

This Social Security Disability ("SSD") appeal raises the question of whether the commissioner supportably found the claimant capable, for the period from September 15, 2001, through November 30, 2004, of performing past relevant work as a telephone solicitor and a customer order clerk. The plaintiff seeks reversal and remand on the basis that the administrative law judge failed to clarify to a vocational expert present at a post-remand hearing the frequency and duration with which the claimant needed to alternate sitting and standing, as a result of which that expert's testimony does not constitute substantial evidence that he could have performed the past relevant work at issue. *See* Plaintiff's Itemized Statement of Errors

---

[1] The claimant, Dennis DeTore, died on June 18, 2005, prior to the scheduling of a hearing before an administrative law judge in the wake of the denial, initially and on reconsideration, of his disability claims. *See* Record at 17, 125. His sister Debra Eaton represents his estate in the instant action. *See id.* at 17; ECF Docket. To avoid confusion, I will refer throughout this decision to DeTore as the "claimant" and Eaton as the "plaintiff."

[2] This action is properly brought under 42 U.S.C. § 405(g). The commissioner has admitted that the plaintiff has exhausted her administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office. Oral argument was held before me on September 15, 2011, pursuant to Local Rule 16.3(a)(2)(C), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

1

("Statement of Errors") (Docket No. 10) at 2-8. I recommend that the decision of the commissioner be affirmed.

The claimant alleged that he became disabled commencing on September 15, 2001. *See* Record at 17. On August 10, 2006, following his death, an administrative law judge presided at a hearing during which his sister, Eaton, and brother, David DeTore, testified. *See id*. at 340. On January 26, 2007, the administrative law judge issued a partially favorable decision finding the claimant disabled as of December 1, 2004, but not before then. *See id*. at 57.

By decision dated August 8, 2008, the Appeals Council affirmed the finding of disability commencing on December 1, 2004, but vacated the finding of non-disability for the period from September 15, 2001, through November 30, 2004. *See id*. at 57-59. The Appeals Council reasoned, *inter alia*, that the administrative law judge had given insufficient consideration to a residual functional capacity ("RFC") opinion of a treating chiropractor, Michael G. Goulding, D.C. *See id*. at 58, 327-30.

On February 17, 2009, a different administrative law judge presided at a post-remand hearing at which Eaton and a vocational expert testified. *See id*. at 369. By decision dated March 18, 2009, pursuant to the commissioner's sequential evaluation process, 20 C.F.R. § 404.1520; *Goodermote v. Secretary of Health & Human Servs*., 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that between September 15, 2001, and November 30, 2004, the claimant had severe impairments of chronic myofascial low back discomfort; status-post remote spiral fracture of the left femur, with a residual 0.25 inch shortening of the left lower extremity; and chronic mild to moderate peripheral pretibial edema in the left lower extremity resulting from previous phlebitis and deep venous thrombosis, Finding 4, Record at 20; that, between September 15, 2001, and November 30, 2004, he retained the RFC

to perform a reduced range of work activity at a light exertional level, as defined in 20 C.F.R. § 404.1567, with a capacity to lift and carry only 20 pounds occasionally and 10 pounds frequently and to stand and walk, with normal breaks, for less than two hours in an eight-hour workday and further limitations that included a need for the opportunity, when sitting, to periodically alternate between sitting and standing to relieve pain or discomfort, Finding 6, *id.* at 25; that, between September 15, 2001, and November 30, 2004, he was capable of performing past relevant work as a telephone solicitor or a customer order clerk, Finding 7, *id.* at 31; and that he, therefore, had not been under a disability, as defined in the Social Security Act, at any time between September 15, 2001, and November 30, 2004, Finding 8, *id.*[3] The Appeals Council declined to review the decision, *id.* at 6-8, making it the final determination of the commissioner, 20 C.F.R. § 404.981; *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. § 405(g); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 4 of the sequential evaluation process, at which stage the claimant bears the burden of proving inability to return to past relevant work. 20 C.F.R. § 404.1520(f); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). At this step, the commissioner must make findings of the claimant's RFC and the physical and mental demands

---

[3] Had the claimant survived, he would have been insured for purposes of SSD benefits through June 30, 2008, *see* Finding 1, Record at 19, subsequent to the time period at issue.

of past work and determine whether the claimant's RFC would permit performance of that work. 20 C.F.R. § 404.1520(f); Social Security Ruling 82-62, reprinted in *West's Social Security Reporting Service* Rulings 1975-1982 ("SSR 82-62"), at 813.

## I. Discussion

The administrative law judge adopted the RFC opinion of Dr. Goulding, including Dr. Goulding's finding that the claimant had to periodically alternate sitting and standing to relieve pain or discomfort. *Compare* Finding 6, Record at 25 *with id*. at 327-30. Dr. Goulding did not specify any duration or frequency of that need. *See id*. at 328. The administrative law judge posited to the vocational expert present at the hearing a hypothetical individual who, *inter alia*, "does require the ability to periodically change positions between sitting and standing." *Id*. at 389. The administrative law judge did not further quantify that need, and neither the vocational expert nor the plaintiff's representative sought to elicit clarification. *See id*. at 389-92. The vocational expert testified that an individual with that hypothetical profile could perform two of the claimant's past relevant jobs, both of which were sedentary, the telephone solicitor and customer order clerk jobs. *See id*. at 389.

The plaintiff relies primarily on three authorities, Social Security Ruling 83-12 ("SSR 83-12"), Social Security Ruling 96-9p ("SSR 96-9p"), and *Wasilauskis v. Astrue*, Civil No. 08-284-B-W, 2009 WL 861492 (D. Me. Mar. 30, 2009) (rec. dec., *aff'd* Apr. 21, 2009), for the proposition that the administrative law judge abdicated a requirement to specify the frequency and duration of the claimant's need to alternate sitting and standing. *See* Statement of Errors at 2-8. Nonetheless, SSR 83-12 and SSR 96-9p both apply to the determination of a claimant's capability to do "other work" – in other words, to Step 5, rather than Step 4, determinations. *See* SSR 83-12, reprinted in *West's Social Security Reporting Service* Rulings 1983-1991, at 36; SSR

4

96-9p, reprinted in *West's Social Security Reporting Service* Rulings 1983-1991 (Supp. 2011), at 152.

Furthermore, SSR 83-12 does not require adjudicators to specify the frequency or duration of a need to alternate sitting and standing, but merely cautions that vocational expert testimony may be necessary "to clarify the implications for the occupational base[,]" given that "most jobs have ongoing work processes which demand that a worker be in a certain place or posture for at least a certain length of time to accomplish a certain task." SSR 83-12 at 40. SSR 96-9p does direct that "[t]he RFC assessment must be specific as to the frequency of the individual's need to alternate sitting and standing[,]" but in the context of the need to determine the extent to which such a restriction erodes a claimant's ability to perform a full range of "unskilled sedentary work" and whether a claimant can "make an adjustment to other work." SSR 96-9p at 158.

*Wasilauskis*, as well, concerned an administrative law judge's Step 5 finding that a claimant was capable of performing other work, namely, a dowel inspector job. *See Wasilauskis*, 2009 WL 861492, at *5 ("The commissioner bears the burden of proof at Step 5, and SSR 96-9p requires that the frequency of the need to sit and stand be specified. The administrative law judge failed to do so, undercutting his reliance on the job of dowel inspector as substantial evidence of the plaintiff's ability to perform work existing in significant numbers in the national economy."). As this court has noted, at Step 4 of the sequential evaluation process, "the burden remains on the claimant." *Levesque v. Astrue*, Civil No. 09-331-B-W, 2010 WL 2076013, at *4 (D. Me. May 20, 2010) (rec. dec., *aff'd* June 18, 2010) (citations omitted).

At oral argument, the plaintiff's counsel could cite no authority for the proposition that the directive set forth in SSR 96-9p to specify the frequency of the need for a sit-stand option

5

applies at Step 4. By contrast, counsel for the commissioner pointed to a case in which the United States District Court for the District of Nevada squarely held that the sit-stand directive in SSR 96-9p does not apply at Step 4 but, rather, at Step 5. *See Hitchcock v. Barnhart*, No. 2:05-cv-0749-RLH-GWF, 2007 WL 764493, at *3 (D. Nev. Mar. 6, 2007).

In sum, neither SSR 83-12, SSR 96-9p, nor *Wasilauskis* requires that an administrative law judge must specify the frequency and duration of a need to alternate sitting and standing for purposes of a Step 4 finding of ability to return to past relevant work.

The plaintiff does cite one additional authority, *Arocho v. Secretary of Health & Human Servs.*, 670 F.2d 374 (1st Cir. 1982), for the proposition that the administrative law judge's reliance on vocational expert testimony was misplaced. *See* Statement of Errors at 4. Yet, *Arocho* is concerned with the transmission to vocational experts of hypothetical questions that accurately reflect the medical evidence of record. *See Arocho*, 670 F.2d at 375 (responses of vocational expert are relevant only to extent offered in response to hypotheticals that correspond to medical evidence of record; "To guarantee that correspondence, the Administrative Law Judge must both clarify the outputs (deciding what testimony will be credited and resolving ambiguities), and accurately transmit the clarified output to the expert in the form of assumptions.").

In this case, the stated need for periodic adjustment in sitting and standing aligned with the medical evidence of record, accurately reflecting the RFC opinion of Dr. Goulding. *Compare* Finding 6, Record at 25 *with id*. at 328. The plaintiff points to no *medical* evidence of record quantifying the frequency or duration of the claimant's need to alternate sitting and standing. *See generally* Statement of Errors.[4] As counsel for the commissioner observed at oral

---

[4] There is lay evidence of record quantifying the need to alternate sitting and standing, which the administrative law
(*continued on next page*)

argument, the plaintiff, who bore the burden of proof at Step 4 and who was represented by counsel, did not seek to clarify any ambiguity by questioning the vocational expert at hearing as to the extent to which alternating sitting and standing would be tolerated in the two jobs at issue. Indeed, when expressly offered the opportunity at hearing to question the vocational expert, the plaintiff's counsel declined. *See* Record at 391. Nor did the plaintiff ask Dr. Goulding to provide further detail with respect to the need to alternate sitting or standing.[5]

## II. Conclusion

For the foregoing reasons, I recommend that the decision of the commissioner be **AFFIRMED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 28th day of September, 2011.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge

---

judge noted but did not incorporate into his RFC finding. *See* Record at 29 (observing that the claimant had filled out forms indicating that he had to take rest or stretch breaks after approximately one hour of sitting and that he had to change positions "frequently" in order to minimize pain, by which he meant changing positions between sitting and standing at 15- to 30-minute intervals, and Eaton had testified that the claimant could sit for only 30 minutes before he needed to change positions). The plaintiff does not rely on that evidence, *see generally* Statement of Errors, which obviously is not medical evidence.

[5] To the extent that the plaintiff complains that the administrative law judge erred in finding the claimant limited to light work when he could perform at most sedentary work, *see* Statement of Errors at 2, any such error is harmless, the administrative law judge having found that the claimant could return to sedentary, past relevant work, *see* Record at 31.